September 24, 1914. The opinion of the Court was delivered by
Hugh P. Price died in 1904, leaving of force his last will and testament, which was duly admitted to probate in common form in the probate Court for Marion county, of which Dillon county was then a part. In 1908 his widow, Sarah Ann Price, instituted an action to set aside the will upon the grounds set forth in the complaint, and after institution of this action Sarah Ann Price died in 1909. Upon these facts being brought to the attention of the Court a rule to show cause was issued by his Honor, Judge DeVore, to show cause why the action should not be revived in favor of E. Thomas Jackson. The defendants made return to the rule, and the cause was heard by his Honor, Frank B. Gary, at the November term of the Court, 1913; and he granted an order reviving the action in the name of E. Thomas Jackson. This order should be set out and embodied in the report of the case. From this order the defendants appeal.
Exceptions 1, 2 and 3 raise the same question that his Honor was in error in reviving the first cause of action because it appears that the return made to the rule to show cause was not traversed, and should have been taken as true as to the allegations therein contained; and the fifth exception raises the same point as to both causes of action. These *Page 71 
exceptions must be overruled as the return, even though not traversed in a proceeding of this character, cannot be accepted as being true. This is not a proceeding in mandamus where that rule prevails. The question before his Honor was the competency of the parties to revive and the sufficiency of the application. The force and effect of Judge Gary's order was to revive both causes of action, and he did not attempt to decide any of the material and substantial issues of fact that arose under the pleadings in the case, and what would be decisive of these issues, but was careful to reserve to the parties all of these issues to be tried and determined later upon the facts proven, under the issues made, and to be made by the pleadings, and the defendants were given the right to fully demur or answer any of the allegations made, or to move to have any of the allegations of the complaint made more definite or certain or to strike out any part thereof. By his order he simply revived the action and left it for future determination for the Court to try the actions upon the issues made and to be made. The granting of the order by his Honor does not deprive the appellants of any substantial right. They are allowed by the order to interpose any defense they may have to the alleged cause of action, and to try the cause on its merits, and to make such defense as they have and see fit and proper. All of the exceptions are overruled.
Judgment affirmed.